**FILED IN CHAMBERS**
**U.S.D.C ATLANTA**

Date: Feb 12 2024

**KEVIN P. WEIMER** , Clerk

By: /s/Sonya Lee Coggins

Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CARL HILL,

     Plaintiff,

              v.

JUDGE KEVIN FARMER, *Superior Court Judge, Fulton County, Georgia, Individual and Official Capacity; et al.,*

     Defendants.

Civil Action No.
1:22-cv-01645-SDG

### OPINION AND ORDER

This case is before the Court on a frivolity review under 28 U.S.C. § 1915(e)(2). For the following reasons, this action is **DISMISSED** as frivolous.

## I.    Background

Plaintiff Carl Hill, acting *pro se*, sought to proceed *in forma pauperis* (IFP).[1] The magistrate judge granted Hill's IFP application, but stayed service of process until this Court conducts a frivolity review.[2] Hill brings a Section 1983 claim against Defendants based on alleged violations of his First, Fourth, Eighth, Ninth, and Fourteenth Amendment rights.[3] Hill also alleges that Defendants violated Title II of the Americans with Disabilities Act (the ADA) by denying his requested

---

[1]    ECF 1.

[2]    ECF 2.

[3]    ECF 3, at 4.

but unspecified accommodations.[4] Finally, Hill, citing "due process" and "impartiality" concerns, asserts Defendants violated the "Fundamental Fairness Doctrine."[5] Hill names as defendants Fulton County, Georgia  Superior Court Judge Kevin Farmer in his individual and official capacities; Carol Willingham, Staff Attorney, in her official capacity; Tonja Richardson, Superior Court Support Manager, in her official capacity; and Tomeka Bentley, Judicial Assistant, in her official capacity.[6]

The Complaint alleges that Defendants are Fulton County officials who denied Hill's rights during his divorce case.[7] Specifically, Hill complains about rulings issued by Judge Farmer, including that Judge Farmer violated his constitutional rights by "not allowing plaintiff a realizable opportunity to produce evidence," "by holding an entirely disparate standard and application of the same law between the parties," by "holding plaintiff in contempt for factors outside of plaintiff's control," by "depriving plaintiff of access to his children for no reasonable cause," and "for seizing plaintiff's property without jurisdiction."[8]

---

[4]   *Id.*

[5]   *Id.*

[6]   *Id.* at 2–4.

[7]   *Id.*

[8]   *Id.* at 5.

Hill also claims that Defendants Willingham, Richardson, and Bentley ignored "plaintiff's right to accommodations as a disabled person" after Hill submitted an ADA accommodation request to the Fulton County Superior Court.[9] However, Hill's Complaint does not explain what disability he has, what accommodations were requested, or what, if any, communications he received from Defendants regarding the alleged request for accommodations.[10] Nevertheless, Hill alleges that, as a result of Defendants' conduct, he suffered severe emotional trauma and had to seek psychiatric treatment.[11] To provide redress, Hill asks this Court to enter multiple injunctions and to award him actual and punitive damages.[12]

## II.   Legal Standard

An IFP complaint must be dismissed "if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is

---

[9]   *Id.*

[10]  *See id. at* 4–7; *see also* ECF 1, at 1 (noting that Hill received short-term disability payments from April 2021 to September 2021 but providing no context as to how Hill qualified for such disability payments).

[11]  ECF 3, at 6.

[12]  *Id.*

"to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

A *sua sponte* dismissal by the Court is authorized under § 1915(e)(2) prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Neitzke*, 490 U.S. at 324. In the context of a frivolity determination, the Court's authority to "pierce the veil of the complaint's factual allegations" means that it is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question

the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (internal quotation marks omitted) (citations omitted). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield*, 936 F.2d at 515. But a complaint is frivolous when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted); *see also Neitzke*, 490 U.S. at 327.

While the Court must construe Hill's pleading leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted), the Court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III.  Discussion

Hill asserts a Section 1983 claim against all Defendants. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979). Hill characterizes his grievances as violations of his federal constitutional rights.[13] He asserts that, his right to freedom of speech under the First Amendment was infringed; he was subjected to unjust seizures under the Fourth Amendment; he was subjected to negligence in violation of the Eighth Amendment; his right to privacy under the Ninth Amendment was violated; and his Fourteenth Amendment rights to due process and equal protection were trampled.[14]

---

[13]   *See* ECF 3, at 4.

[14]   *Id.*

Hill also asserts Defendants violated Title II of the ADA by ignoring his requests for accommodations made during his divorce proceeding.[15]

> To state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a "qualified individual with a disability;" (2) that he was "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" (3) "by reason of such disability."

*Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001) (alterations in original) (quoting 42 U.S.C. § 12132).

### A.     Hill's claims for damages fail.

Hill asks the Court to award (1) actual damages from all Defendants flowing from his Section 1983 claims and (2) punitive damages from all Defendants flowing from his Section 1983 and ADA claims.[16]

### 1.  Hill cannot bring a claim against Judge Farmer in his official capacity pursuant to Section 1983 and fails to plead Judge Famer acted in his individual capacity.

Hill sues Judge Farmer in his official and individual capacities.[17] Judge Farmer is entitled to judicial immunity from Hill's official capacity claims. Such immunity protects judges from being sued and held civilly liable for damages

---

[15]   ECF 3, at 5.

[16]   *See id.* at 6.

[17]   *Id.* at 2–3.

based on actions carrying out their judicial duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991), *superseded on other grounds by statute as recognized in Peters v. Noonan*, 871 F. Supp. 2d 218, 226 (W.D.N.Y. 2012). "[T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted).

Hill's allegations focus on rulings and orders Judge Famer made in his judicial capacity.[18] "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted) (citations omitted). "A judge is entitled to immunity even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *William B. Cashion Nev. Spendthrift Trust v. Vance*, 552 F. App'x 884, 886 (11th Cir. 2014) (internal quotation marks omitted) (citations omitted).

Accordingly, Hill can only pursue monetary claims against Judge Farmer if the judge's actions were taken ***in the absence of*** jurisdiction. Here, Hill alleges that

---

[18]  *See id.* at 5.

Judge Farmer acted "without jurisdiction" in the divorce proceeding.[19] Specifically, Hill alleges that Judge Famer "seiz[ed his] property without jurisdiction."[20] However, Hill does not provide any detail as to what property was seized or how Judge Farmer was acting in the clear absence of all jurisdiction.[21] Hill's vague and conclusory allegations are not enough to plausibly allege that Judge Farmer acted in the absence of all jurisdiction. Consequently, judicial immunity shields Judge Farmer from Hill's "the-judge-got-it-wrong" arguments. *William B. Cashion Nev. Spendthrift Trust*, 552 F. App'x at 886; *Bolin*, 225 F.3d at 1239. And, without a viable underlying claim, Hill's claim for punitive damages against Judge Farmer also fails.

> ### 2.    Hill cannot bring a claim for damages against Judge Farmer for any alleged violations of the ADA.

Hill's Complaint does not include what qualifying disability he had, what benefits or services he was denied, or that those benefits were denied because of his disability. As such, Hill has failed to state a claim for a violation of Title II of the ADA under Fed. R. Civ. P. 12(b)(6). Furthermore, Hill's claims against Judge Farmer in his official capacity are barred by the doctrine of absolute immunity. *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) (holding that a

---

[19]    *Id.*

[20]    *Id.*

[21]    *See id.*

hearing impaired, *pro se* litigant's claim for monetary damages against a state judge for alleged violations of the ADA was barred by the doctrine of absolute judicial immunity). To the extent Hill seeks to hold Judge Famer liable under the ADA in his individual capacity, "there is no individual capacity liability under Title II of the ADA." *Id.*

### 3. Hill cannot bring a claim for damages against Defendants Willingham, Richardson, or Bentley pursuant to Section 1983 or Title II of the ADA.

"[T]he Eleventh Circuit has consistently held that judicial immunity extends not only to judges, but to other persons whose official duties have an integral relationship with the judicial process." *Harpo v. Davis*, No. 1:12-cv-865-WSD, 2012 WL 1038733, at *2 (N.D. Ga. Mar. 27, 2012) (internal quotation marks omitted) (citations omitted); *see also Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("Nonjudicial officials" "acting within the scope of their authority" "are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'") (first quoting *Ashbrook v. Hoffman,* 617 F.2d 474, 476 (7th Cir. 1980); then citing *Prop. Mgmt. & Inv., Inc. v. Lewis*, 752 F.2d 599, 603 (11th Cir. 1985)).

Hill is suing Defendants Willingham, Richardson, and Bentley in their official capacities.[22] In support of his Section 1983 claim, Hill alleges that

---

[22]   *Id.* at 3–4, 5.

Defendants Willingham, Richardson, and Bentley "violated [his] constitutional rights while acting in [an] administrative capacity as" an appointed staff attorney, a court support manager, and a judicial assistant for Fulton County Superior Court, respectively.[23] Here, each Defendant's "official duties have an integral relationship to the judicial process" as they are alleged to have been employees of the Fulton County Superior Court and responsible for aiding the administration of justice by providing necessary support services to the court. As such, absolute judicial immunity extends to Defendants Willingham, Richardson, and Bentley, and Hill's Section 1983 claims against them are barred.

Hill's ADA claims fare no better. He alleges that these Defendants "violated plaintiff's constitutional rights by . . . ignoring plaintiff's right to accommodations as a disabled person."[24]  Because Defendants are protected by absolute judicial immunity, which bars monetary recovery under Title II of the ADA, Hill's claim for monetary damages against Defendants Willingham, Richardson, and Bentley for alleged violations of the ADA must be dismissed.

**B.    Hill's requests for injunctive relief must be dismissed.**

Hill asks the court to issue various injunctions: (1) "reversing all orders issued or processed by the defendant[s] in plaintiff's civil cases;" (2) "removing all

---

[23]    *Id.* at 5.

[24]    *Id.*

defendants from any present or future civil cases involving plaintiff;" and (3) "for new hearings to be held in Fulton County family court that comport with constitutional law and respecting all parties' constitutional rights."[25]  While not explicitly framed as a request for an injunction, Hill asks the Court to require the Fulton County and Superior and Magistrate Courts to "allow plaintiff's disability accommodations in compliance to Title II of the ADA Amendments Act" and "adhere to all facets of U.S. Constitutional law in all cases adjudicated under their jurisdiction."[26]

An injunction is a remedy, not a separate cause of action. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004) ("For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim)."). Hill has failed to state a claim upon which relief can be granted. However, even if he had stated a claim under Section 1983 or Title II of the ADA, this Court still could not grant Hill's requested injunctive relief.

---

[25]  *Id.* at 6.

[26]  *Id.*

1.  **The Court lacks subject matter jurisdiction over Hill's requests for an injunction reversing previous orders, removing Defendants from present and future cases, and ordering new hearings.**

Hill bears the burden of establishing that the Court has subject matter jurisdiction. *Fox v. Fla. Dep't of Children & Families*, 828 F. App'x 639, 640 (11th Cir. 2020) (per curiam) (citing *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016)). "As a general rule, the federal courts refuse to hear suits for 'divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification.'" *Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987) (per curiam) (quoting *Crouch v. Crouch,* 566 F.2d 486, 487 (5th Cir. 1978)) (additional citations omitted).

Further, district courts lack jurisdiction over final state-court judgments under the *Rooker-Feldman* doctrine. *Fox*, 828 F. App'x at 640. The doctrine applies to

> "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." The doctrine applies not only to federal claims actually raised in the state court, but also to claims that were not raised in the state court but are inextricably intertwined with the state court's judgment. A claim is inextricably intertwined if it would effectively nullify the state-court judgment or if it succeeds only to the extent the state court wrongly decided the issues.

*Id.* (first quoting *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009); and then citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). *Rooker-Feldman* has been applied to, among other types of cases, those concerning divorce. *See McCavey v. Gold*, 625 F. App'x 968, 971–72 (11th Cir. 2015) (per curiam).

Hill's request that this Court reverse state-court judgements, order new hearings, and remove Defendants from Hill's current and future cases runs afoul of the *Rooker-Feldman* doctrine. Exercising jurisdiction over this kind of collateral attack on state-court proceedings would require the Court to improperly interfere with final judgments entered by Georgia's courts—exactly what the *Rooker-Feldman* doctrine is designed to protect against. Further, federal courts should assume that state-court procedures provide parties an adequate opportunity to raise constitutional issues unless there is clear authority stating otherwise. *Chen ex rel. V.D. & D.D. v. Lester*, 364 F. App'x 531, 535 (11th Cir. 2010) (per curiam) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003)). And Hill has pointed to nothing suggesting that the state courts' procedures did not allow him the opportunity to make these arguments during his divorce proceedings.[27]

---

[27] *See generally* ECF 3. Note that, while Hill argues Judge Famer "ignore[d] plaintiff's pleadings altogether while responding briskly to the pleadings of opposing counsel," Hill never alleged that he was unable to file such pleadings or argue that his rights were deprived during the pendency of his divorce proceedings. ECF 3, at 5. *See also Manning v. Harper*, 460 F. App'x 872, 875 (11th Cir. 2012) ("If Manning believed that the state judges were biased in their rulings against him, he had the option to appeal those rulings to the Florida

Rather, Hill's Complaint highlights that, not only did he have an adequate opportunity to raise the same constitutional issues in state court that he now raises before this Court, but his attorney exercised that opportunity by directly appealing the state-court judgements.[28]

Under *Rooker-Feldman*, the Court may not exercise jurisdiction over Hill's first, second, and third requests for injunctive relief.[29] They are therefore frivolous and must be dismissed. *Fox*, 828 F. App'x at 641; *Whitlow v. Gordo*, Case No. 3:18-cv-1730-MCR-GRJ, 2018 WL 4659257, at *3 (N.D. Fla. Aug. 24, 2018).[30]

### 2. Hill's request for an injunction enforcing the ADA is denied.

Hill asks the Court to "[r]equire that the Fulton County Superior and Magistrate Courts allow plaintiff's disability accommodations in compliance to

---

Supreme Court and, from there, to the Supreme Court of the United States. Manning's belief that doing so would have been futile is immaterial. He chose not to take full advantage of review in Florida's courts and may not now attack in the federal courts adverse state court rulings as unconstitutionally biased.").

[28] *Id.* at 5 (stating that Hill "appeal[ed Defendants'] rulings that don't compart with state or federal law").

[29] ECF 3, at 6. Hill's first, second, and third requests for injunctive relief are set out in Section V of Hill's Complaint, numbers one through three.

[30] Moreover, injunctive relief against a judicial officer for actions taken in his judicial capacity is not available in Section 1983 actions unless "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Hill does not allege either of these factors in his pleading. As discussed *supra*, all of the judicial conduct about which Hill complains was taken in those officers' judicial capacities.

Title II of the ADA . . . ."[31] He alleges he submitted accommodation requests during his divorce proceedings, and Defendants improperly ignored his requests and barred participation of Karen Winner, Hill's ADA advocate.[32] Because Hill's divorce proceeding is closed,[33] he is requesting that this Court issue a prospective injunction requiring Defendants to accommodate his future requests for ADA accommodations.[34]

Prospective injunctive relief is an available remedy when a judicial officer violates Title II of the ADA, even if he does so in his judicial capacity. *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (holding that a claim for prospective equitable relief based on Title II of the ADA is not barred by the doctrine of absolute judicial immunity). Nevertheless, injunctive relief is not appropriate here, even if Hill had stated a claim under the ADA. "Although past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury, [p]ast exposure to illegal conduct does not appear in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any

---

[31]   ECF 3, at 6.

[32]   *Id.* at 5.

[33]   *Hill v. Hill*, No. 2019CV318466, at *1 (Super. Ct. Fulton Cnty. Ga. May 3, 2019). Per Rule 201 of the Federal Rules of Evidence, this Court can take judicial notice of proceedings held in other courts.

[34]   *See id.*

continuing, present adverse effects." *Wooden v. Bd. Regents Univ. Sys. Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (internal quotations omitted) (alterations in original).

Hill has not suggested that Defendants' alleged failure to accommodate his unidentified disability "is anything more than an isolated occurrence." *Badillo*, 158 F. App'x at 211. He only alleges that accommodations were denied "during the pendency of [his] divorce case."[35] Because Hill's divorce complaint was dismissed on May 3, 2019,[36] Hill "does not allege that he faces an immediate threat that [Defendants] will again violate his rights." *Wooden*, 247 F.3d at 1284. As such, Hill's request that this Court order Defendants to fulfill his future requests for disability accommodations is denied without prejudice.

> **3.    Hill's request for an injunction requiring that Fulton County Superior and Magistrate Courts adhere to the Constitution is unenforceable and therefore denied.**

The Eleventh Circuit has held repeatedly that "'obey the law' injunctions are unenforceable." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1222 (11th Cir. 2000); *see, e.g., Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding an injunction that prohibited a municipality from discriminating on the basis of race in its annexation decisions "would do no more than instruct the city to 'obey the law'" and was therefore

---

[35]    ECF 3, at 5.

[36]    *Hill*, No. 2019CV318466, at *1.

invalid); *S.E.C. v. Smyth*, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005) (holding an injunction that prohibits an individual from violating provisions of securities law is unenforceable). The "specificity requirement of rule 65(d) is no mere technicality; '[the] command of specificity is a reflection of the seriousness of the consequences which may flow from a violation of an injunctive order.'" *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1223 (quoting *Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 897 (5th Cir. 1978)). Rather, "[a]n injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law." *Id.*

Here, Hill asks the Court to "[r]equire that the Fulton County Superior and Magistrate Courts adhere to all facets of U.S. Constitutional law in all cases adjudicated under their jurisdictions."[37] Such an order would amount to a prospective injunction against Fulton County Superior Court to simply obey the law. Consequently, the requested injunction "lack[s] the precision and specificity necessary for it to be enforceable prospectively . . . ." *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1223 (holding an injunction that "accomplished little more than enjoining Defendants from violating the law" lacked "the precision and specificity necessary for it to be enforceable prospectively"). Therefore, Hill's request for an

---

[37]   ECF 3, at 6.

injunction enjoining Fulton County Superior Court from violating the United States Constitution is also denied.

## IV.     Conclusion

The Court finds that Hill's Complaint fails to state a claim and is therefore frivolous. This case is **DISMISSED**. Hill may file an amended Section 1983 claim against Judge Farmer for damages in his individual capacity only within 30 days of this Order. If Hill fails to file an amended complaint within 30 days, this case will be deemed **dismissed with prejudice**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 12th day of February, 2024.

Steven D. Grimberg
United States District Judge